MARY WARREN, Appellee, v. MORNA MURROW, Appellant.

**MORTGAGES:** Deed as Mortgage—Evidence. Evidence held to establish that a deed was given as a mortgage.

*Appeal from Polk District Court.*—EARL PETERS, Judge.

MARCH 11, 1924.

SUIT in equity, praying decree that a deed executed by plaintiff to defendant be declared to be a mortgage, and praying for an accounting. The answer was a general denial, with a prayer for general equitable relief. There was a decree for the plaintiff, as prayed. The defendant appeals.—*Affirmed.*

*Hammer & Tripp,* for appellant.

*Stewart & Hextell,* for appellee.

EVANS, J.—The parties are sisters, the plaintiff living in California, and the defendant in Polk County, Iowa. Sometime prior to July, 1919, the date of the deed, they became the owners respectively of the undivided one sixteenth each of a certain farm of 226 acres. The remaining fourteen sixteenths of such farm was owned by an uncle, Burnett. Negotiations were carried on for some time between Burnett and the defendant, on behalf of herself and plaintiff, looking to the sale of their interests respectively to said Burnett. Burnett was offering to buy at the rate of $150 per acre. The plaintiff was willing to be guided by the judgment of the defendant, and to accept for her share whatever the defendant would accept for herself. Certain correspondence between the two sisters resulted in the defendant's sending to the plaintiff the sum of $2,000. The plaintiff sent to the defendant a warranty deed of her share in the estate for a purported consideration of $1.00, bearing date July 31, 1919. The contention for plaintiff is that this deed was delivered and received only as security for the advancement made by the defendant to the plaintiff; whereas, the contention for

the defendant is that she purchased the plaintiff's share at $150 per acre, and that the deed was made pursuant to such purchase.

The negotiations were had wholly by correspondence. The plaintiff produced at the trial the letters received by her from the defendant. Substantially none of the important letters received by the defendant from the plaintiff were produced at the trial. The defendant testified to the alleged contents of such letters, alleging that the letters themselves were lost. Defendant also testified to having written certain letters, and particularly one under date of March 11, 1919, to the plaintiff, which was not produced by the plaintiff, and the receipt of which by the plaintiff was denied by her. The defendant testified to the contents of such alleged lost letter written by herself. It is sufficient to say that such alleged contents were not consistent with her letters either of prior or subsequent dates. Manifestly, the inability of the defendant to produce the more important letters received by her, upon the contents of which she relies greatly, affects the weight of her evidence. The letters written by her which are actually produced in the record, though somewhat indefinite in many expressions, tend strongly, nevertheless, to support the contention of the plaintiff. They indicate that the plaintiff was to pay and did pay interest on the advancement. A part of this interest was paid in money, charged against plaintiff's share. As to the rest of the interest, the defendant proposed in her letter to take plaintiff's share of the rent, in lieu of interest.

The correspondence discloses that, at the time of the receipt of the $2,000 by the plaintiff from the defendant, it was within the contemplation of the parties that the plaintiff was to sign a note therefor, and that the defendant was to formulate the note and send it to the plaintiff for her signature. This course was abandoned, in order to save the cost of revenue stamps. The defendant in one of her letters wrote:

"As I cannot send you a note without costing forty cents more, I think it is best for you to send me a receipt."

A receipt was accordingly sent.

Subsequently to the delivery of the deed, a partition suit was brought, and the property was sold at partition sale for $245 per acre. The defendant charged the plaintiff with a one-

sixteenth part of the cost incurred in such partition suit, and this included, not only the cost taxed in the partition suit, but also, the personal and incidental expenses incurred by the defendant in looking after the partition proceedings.

The sole issue between the parties is upon questions of fact. The foregoing sufficiently illustrates the trend of the evidence and the corroborative character of the circumstances. The trial court found the clear weight of the evidence with the plaintiff. Our reading of the evidence brings us to the same conclusion. No useful purpose can be served by incorporating the volume of the evidence into this opinion. The decree entered below is, accordingly, affirmed.—*Affirmed.*

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.